## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **STEVEN RAMIREZ, SID #843307,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-23-CV-00630-XR** |
| **v.** | § | |
| | § | |
| **CITY OF SAN ANTONIO, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Steven Ramirez's ("Ramirez") 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 6). The Court granted Ramirez's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos, 2, 4). Upon consideration, Ramirez's Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 6); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### BACKGROUND

Ramirez is currently confined in the Bexar County Adult Detention Center based on his December 18, 2022 arrest for aggravated assault with a deadly weapon, resisting arrest, and failure to identify. *See* Search Results (bexar.org) (last visited May 31, 2023). While confined, he filed this § 1983 action against the City of San Antonio ("COSA"). (ECF No. 1). Upon review of the Complaint, this Court rendered a Show Cause Order pointing out deficiencies therein. (ECF No. 5). In response, Ramirez filed an Amended Complaint and added Defendants San Antonio Police Department ("SAPD") and Bexar County Sheriff's Office ("BCSO"). In his Amended Complaint, as in his original Complaint, Ramirez alleges violations of his constitutional rights based on an August 2018 arrest and detention. (*Id.*).

### APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation

of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. Conclusory Allegations—All Defendants

To state a viable claim, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Under the notice pleading requirement for a federal lawsuit, Ramirez is required, among other things, to: (1) state the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a).

Although Ramirez contends his August 2018 arrest was illegal, as was his subsequent detention, his claims against Defendants are conclusory and appear unrelated to his factual allegations. (ECF No. 1). He alleges COSA violated his right to privacy, SAPD violated his right to due course of law, and BCSO violated his "subject matter rights to be secure in person." (*Id.*). These allegations constitute nothing more than "labels and conclusions" which are prohibited, and appear unrelated to his 2018 arrest. *See Twombly*, 550 U.S. at 555–56, 570. The Court is unable to

determine the basis for the constitutional violations asserted by Ramirez. Accordingly, the Court finds his claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. *Statute of Limitations—All Defendants*

Section 1983 contains no statute of limitations provision. *Owens v. Okure*, 488 U.S. 235, 39–40 (1989); *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016); *see* 42 U.S.C. § 1983. Thus, the applicable statute of limitations is determined by the general statute of limitations governing personal injury actions in the forum state. *Owens*, 488 U.S. 235, 39–40; *Heilman*, 636 F. App'x at 366. Texas has a two–year statute of limitations for personal injury claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Ashley v. Hawkins*, 293 S.W.3d 175, 180 (Tex. 2009). The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Courts may raise the defense of limitations *sua sponte* where it is clear from the face of a complaint filed IFP that the claims are barred. *Harris v. Hegmann*, 198 F.3d 153, (5th Cir. 1999).

On the face of his original Complaint, as well as his Amended Complaint, Ramirez expressly states the events forming the basis for his § 1983 claims occurred in 2018. (ECF Nos. 1, 6). Ramirez filed his original Complaint in this matter on May 8, 2023, almost five years after the events forming the basis of his civil rights claims. (*Id.*). Thus, his claims in this matter are barred by the applicable statute of limitations; Ramirez does not raise the tolling of limitations. (*Id.*). Accordingly, his claims subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C.  No Policy or Custom—COSA

A county or municipality is not strictly liable for the acts of its employees or officers but is liable only for acts pursuant to official policy or custom. *See Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Thus, to establish liability on the part of a municipality such as COSA, Ramirez must demonstrate the existence of a policy or custom that caused the alleged constitutional deprivation. *See Brown*, 520 U.S. at 403–04; *Monell*, 436 U.S. at 690–91.

In his Amended Complaint, Ramirez does not allege COSA was responsible for unconstitutional customs, practices, or policies that were the driving force behind his alleged constitutional violations. Thus, his claims against COSA are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### D.  Non–Jural Entities—SAPD and BCSO

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." Fᴇᴅ. R. Cɪᴠ. P. 17(b)(3). Thus, Texas law governs this question. To be subject to suit, a department or office must enjoy a separate legal existence. *Id.* A separate legal existence is created only when the political entity that created the department or office has taken "'explicit steps to grant the servient agency with jural authority.'" *Id.* (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). In the absence of jural authority, the servient department, agency, or office lacks the capacity to be sued. *Id.* Texas federal courts have consistently held entities without a separate jural existence are not subject to suit. *See, e.g., Batyukova v. Doege*, No. 5:19-CV-00391-JKP, 2019 WL 6699788, at *3 (W.D. Tex. Dec. 9, 2019) (finding BCSO not legal entity capable of being sued); *See Aguiar v. Whiteley*, No. SA-15-CV-14-DAE, 2016 WL

502199, at *1 n.1 (W.D. Tex. Feb. 8, 2016) (finding BCADC not legal entity capable of being sued).

The Court finds Ramirez has failed to state a viable § 1983 claim against either SAPD or BCSO. To sue a city department in Texas, "[the department] must enjoy a separate legal existence," i.e., it must be a "separate and distinct corporate entity." *Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio*, No. 10–CV–316–XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 10, 2010) (quoting *Darby*, 939 F.2d at 313). Accordingly, unless the "true political entity" has granted the department jural authority, it may not sue or be sued. *Id.* This Court has previously found that SAPD has not been granted jural authority, noting that as a home–rule municipality that reserved all general powers, including the right to sue or be sued, the City of San Antonio ("the City") created SAPD as a department of city government, but did not grant it the right to sue or be sued. *Id.* (citing SAN ANTONIO CHARTER art. V, § 50(3)). Thus, SAPD is not a jural entity capable of being sued and Ramirez has failed to state a claim upon which relief may be granted as to SAPD. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The same is true for BCSO. Bexar County is a "corporate and political body." *see* TEX. LOC. GOV'T CODE ANN. § 71.001. However, BCSO is a law enforcement agency organized and existing as a departmental subdivision of Bexar County. *See Magnett v. Dallas Cnty. Sheriff's Dep't*, No. 3-96-CV-3191-BD, 2012 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998). Bexar County has not given the BCSO jural authority. *See Batyukova*, 2019 WL 6699788, at *3; *cf. Magnett*, 2012 WL 51355, at *1 (holding neither sheriff's department nor detention services bureau of sheriff's department had legal authority to engage in separate litigation). Thus, BCSO is not a jural

entity capable of being sued and Ramirez has failed to state a claim upon which relief may be granted as to BCSO. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

To the extent Ramirez intended to name Bexar County as a defendant by naming BCSO as a defendant, the Court also finds he has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). As set out above with regard to COSA, to establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Brown*, 520 U.S. at 403–04; *Monell*, 436 U.S. at 690–91. Ramirez fails to allege Bexar County has a policy or custom relating to any alleged violation of his constitutional rights. (Dkt. No. 6); *see Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

CONCLUSION

Based on the foregoing analysis, the Court finds Ramirez's § 1983 Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Ramirez was given an opportunity to amend but failed to correct the deficiencies noted by the Court in its Show Cause Order.

**IT IS THEREFORE ORDERED** that Ramirez's 42 U.S.C. § 1983 Amended Complaint (ECF No. 6) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

It is so **ORDERED**.

**SIGNED** this 1st day of June, 2023.

Xavier Rodriguez
United States District Judge